UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br>Plaintiff,<br>v.<br>SUPERIOR AND MUNICIPAL COURT,<br>Defendants. | No. 2:14-cv-1779 KJM DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**28 U.S.C. § 1915(g)**

The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

For purposes of § 1915(g), the court must determine whether plaintiff has, on three or more occasions prior to the filing of this new action, brought a civil action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. Where a court denies a prisoner's application to file an action without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g). O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

**DISCUSSION**

Here, plaintiff suffered a strike for purposes of § 1915(g) on July 17, 2006, when the district court dismissed Weaver v. California Correctional Institution Confinement SHU, Case No. CIV F-06-0671 OWW SMS P (E.D. Cal.) for failure to state a claim and as frivolous. Plaintiff suffered a second § 1915(g) strike on July 17, 2006, when the district court dismissed Weaver v. California Correctional Institution - Third Watch Sergeant, Case No. CIV F-06-0775 OWW LJO P (E.D. Cal.) for failure to state a claim and as frivolous. Finally, plaintiff suffered a third § 1915(g) strike on August 1, 2006, when the district court dismissed Weaver v. California Correctional Institution Law Library, Case No. CIV F-06-0863 OWW SMS P (E.D. Cal.) for failure to state a claim. In fact, as far back as April 20, 2007, in Weaver v. California Correctional Institution Building A-4A-4 et al., Case No. CIV F-06-1429 OWW SMS P, a District Judge of this court dismissed an action filed by plaintiff as frivolous and malicious, noting that plaintiff had filed 124 actions in this district, many of which have been dismissed as frivolous or duplicative.

Plaintiff commenced this action on July 28, 2014, by filing a civil rights complaint. Subsequently, plaintiff filed an application to proceed in forma pauperis. As noted above, however, court records reflect that plaintiff filed this action after having brought three or more prior federal cases that were dismissed on the grounds specified in 28 U.S.C. § 1915(g).

/////

/////

/////

Accordingly, plaintiff must submit the appropriate filing fee in order to proceed with this action.[1]

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed without prejudice, unless plaintiff pays the full filing fee for this action ($400.00) by the deadline for filing objections to these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 11, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
weav1779.56

[1] There is an exception to the three-strike bar of § 1915(g), which allows a prisoner to use in forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is under imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007). In his complaint now before this court, plaintiff alleges only that he was sent to Sacramento Superior and Municipal Court for four days without seeing anyone and was supposed to be released. (Compl. at 3.) Plaintiff has not alleged that he was "under imminent danger of serious physical injury" when he filed this action. Accordingly, the imminent danger exception under 28 U.S.C. § 1915(g) is not available to plaintiff in connection with this action.